UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Anthony A. Mucci, Jr.

    v.                                              Civil No. 09-cv-350-PB

United States of America[1]

**O R D E R**

Pro se plaintiff Anthony A. Mucci, Jr. has filed suit, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 - 2680 ("FTCA"), alleging tortious acts by Dr. Chew of the Manchester Veterans Affairs Medical Center ("MVAMC").  Because plaintiff is proceeding pro se and has paid his filing fee, the complaint is before me for preliminary review to determine whether this Court's subject matter jurisdiction has been invoked.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

---

[1]Plaintiff initially sued Dr. Chew.  The United States is the proper defendant to a suit brought under the Federal Tort Claims Act if, as a federal employee, plaintiff acted within the scope of his or her employment at the time of the incidents alleged.  See 28 U.S.C. § 2679(b)(1).  The United States has so certified, and I therefore find that the United States of America is the appropriate defendant to this action.

Standard of Review

Under this Court's local rules, when a person commences an action pro se and pays his or her filing fee, the Magistrate Judge conducts a preliminary review to determine whether the complaint properly invokes this Court's subject matter jurisdiction. Id. In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).

"The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon

which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Discussion

### I. Factual Background

In 2006, plaintiff went to the MVAMC for a routine eye examination.  Although plaintiff told the medical staff there that he had previously had an adverse reaction to dilating drops,

Dr. Chew, who was conducting the examination, coerced plaintiff to agree to have the drops put into his eyes by telling plaintiff he had a tumor in his eye, and that the drops were necessary to conduct a proper examination.  Plaintiff, who did not have a tumor, did have an adverse reaction to the drops.  As a result, he lost his eyesight entirely in one eye, and expects to lose the sight in his other eye soon.  Surgery performed elsewhere to correct the problem was unsuccessful.  Plaintiff seeks $2,000,000 in damages so that he can afford two "bionic eyes" he believes will give him his sight back.

Plaintiff has previously filed an administrative tort claim with the Department of Veterans Affairs ("VA").  The claim was denied.  Plaintiff received a "right to sue" letter from the VA on August 19, 2009, and filed this suit on October 20, 2009.

II. Subject Matter Jurisdiction

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist, 475 U.S. 534, 541

(1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  See 28 U.S.C. §§ 1331 & 1332.  If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Mucci brings his claim pursuant to the FTCA.  The FTCA waives the sovereign immunity of the United States with respect to tort claims, see 28 U.S.C. § 2674, and provides the exclusive remedy to compensate a plaintiff for the tortious acts committed by a federal employee within the scope of his or her employment.  See 28 U.S.C. § 2679; Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).  Before bringing a tort claim against the United States under the FTCA, a claimant must "file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency."  Roman, 224 F.3d at 27 (citing 28 U.S.C. §§ 2401(b), 2675).

Plaintiff here complains that Dr. Chew, acting within the scope of his federal employment, committed a tort against him. Although the record does not reflect sufficient facts to allow me to affirmatively determine whether or not an administrative claim was filed within two years of the date the cause of action accrued, there is no reason, on the face of the pleadings, to believe that it was not so filed.  This action was filed within six months of the date that the administrative claim was denied. Accordingly, I find the pleadings are sufficient to invoke the federal question jurisdiction of this Court.  See LR 4.3(d)(1)(A).

**SO ORDERED.**

                                        _/s/ James R. Muirhead_
                                        James R. Muirhead
                                        ~~United~~ States Magistrate Judge

Date:     April 22, 2010

cc:       Anthony A. Mucci, Jr., pro se


JM:jba